*T. B. Fairleigh, William Alexander, for appellant.*
*Lewis & Fairleigh, for appellee.*

---

RIEKE BROS., ET AL., *v.* T. J. STRON.

**Judgment—Lien—Enforcement—Waiver of Lien.**

>   Where parties are entitled to a lien on a judgment, but stand by and permit the judgment to be executed upon the land sold and purchase money notes to be bought by an innocent purchaser, they will be held to have waived their lien by failure to enforce it in time.

**Usury.**

>   The right to reclaim usurious interest depends upon the election of the party who paid it, and where one dies without any effort to reclaim the interest others cannot do it for him.

### APPEAL FROM MARSHALL CIRCUIT COURT.

December 12, 1878.

OPINION BY JUDGE ELLIOTT:

The two partnership firms styled the Morton Brothers and the Rieke Brothers, brought their suit in the Marshall Circuit Court to set aside a deed made by J. L. Brown to A. S. Brown on the ground of fraud, and were successful.

The court set aside the deed and adjudged that Brown's land be sold in satisfaction of the debts of the firms of Morton Brothers and

Rieke Brothers. At the sale of Brown's land the Morton and Rieke brothers became the purchasers, and afterward conveyed the same to T. W. Morton and C. H. Rieke, and the latter sold the land to M. T. Williams for the sum of $1,200, $400 of which was paid down, and two notes of equal amounts due at seven and thirteen months executed for the balance. The $400 paid down was equally divided between T. W. Morton and C. H. Rieke, and each received one of the $400 notes for the remaining purchase price of the land. Afterward T. W. Morton sold the note on Williams in his possession to appellee, J. T. Stron.

After the sale of this land under Morton and Rieke Brothers' judgment, and after Williams purchased from Morton and Rieke, Gilbert, Johnson and Husbands filed their petitions and asked to be made parties, and claimed that as Morton and Rieke's attorneys they had recovered judgment against Brown, and asked to be permitted to enforce their liens for their fees.

By an amended petition they charged that appellee had loaned T. W. Morton $5,000, and had charged him usurious interest, and that he, Stron, had bought the note for $400 executed by Williams to Morton and Rieke in satisfaction of that usurious claim. To this amendment, T. W. Morton having died, a demurrer was sustained on the ground that Gilbert, Johnson and Husbands could not reclaim usurious interest paid out by Morton.

They, then and after the submission of the case, offered to file a second amended petition alleging that Rieke Brothers and Morton Brothers had formed a partnership, by which they agreed to prosecute this joint suit to set aside the deed, which they claimed he had executed in fraud of their rights, and that by their agreement they were to divide equally the profits or pay equally the losses which might result from that litigation, and that therefore each partner had a lien on the proceeds of the judgment for the payment of the cost and attorney fees of the litigation against Brown. This amendment the court refused to permit Gilbert to file.

There can be no doubt but that Gilbert, Johnson and Husbands were entitled to a lien on the original judgment of Morton and Rieke Brothers against Brown, and could have enforced it against the purchase-money bonds. This they failed to do. They stood by and permitted their clients who bought Brown's land to deed it away, and then permitted their vendees to sell it to Williams and take his notes for it, then sell one of his notes to an innocent purchaser, and

then endeavor to enforce their lien on this note in the hands of such purchaser. This is neither just nor equitable. This note in the hands of Stron was no part of the proceeds of Morton and Rieke's judgment against Brown, as the purchasers under their judgment had deeded the purchased land away, and their vendees had sold to Williams, and then one of these vendees transferred one of the Williams' notes to appellee.

If Gilbert, Johnson and Husbands can pursue this land through two private sales, after it was sold in satisfaction .of their clients' debts, and enforce their liens on the proceeds of these private sales in the hands of innocent parties, then there is no end to an attorneys' lien once created but to pay it.

Whilst these attorneys could enforce their lien on the proceeds of the sale of the land in satisfaction of Morton and Rieke's judgment, they must lose their lien when the vendees, who purchased at the sale under Morton and Rieke's judgment, have conveyed the land away, and it has again been conveyed to an innocent holder, and especially must they lose their lien against the note of this second purchaser after it has passed into the hands of an innocent purchaser. Nor did the court err in sustaining the demurrer to the amended petition of Gilbert.

The law is well settled that the right to reclaim usurious interest depends upon the election of the party who paid it, and as T. W. Morton died without any effort to reclaim the interest in this case, appellants had no right to do so.

The objection to the filing of the second amended petition was that it was offered after the submission of the case, and was not sworn to; and we cannot say that the lower court abused a sound discretion in refusing to permit it to be filed. Besides, a private partnership to prosecute a law-suit and divide profits and pay losses, unknown to the public, is of questionable propriety, and if it could be enforced at all, certainly cannot when the proceeds of the partnership property has left the firm's hands and fallen into the hands of innocent purchasers.

The brief of appellants is not before us, having been mislaid, but after a careful consideration of all the facts and law of this case we have come to the conclusion that neither Rieke Brothers nor the appellants, Gilbert, Johnson and Husbands, have any enforcible lien on the note sold by T. W. Morton to the appellee, T. J. Stron.

Wherefore the judgment is *affirmed.*